FILED
AUG 13 2009
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Edem Aka,** | : | |
| Petitioner, | : | |
| v. | : Civil Action No. | **09 1526** |
| **Eric Holder** *et al.*, | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

The petitioner has filed an application to proceed *in forma pauperis* and a *pro se* petition for a writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651. The Court will grant the application to proceed *in forma pauperis* and dismiss the petition for lack of subject matter jurisdiction.

Petitioner is currently incarcerated under a deportation order issued on May 21, 2009, by an immigration judge in the Immigration Court in Atlanta, Georgia. *See* Petition ("Pet.") at 3 & Ex. 3.[1] The deportation order is based in part or in whole on the fact that the petitioner was convicted of felony armed robbery by a Superior Court of the District of Columbia jury in 2003. *See id.* at 15-17. Petitioner, who contends that he is innocent of the charges, Pet. at 10, appealed his conviction. He also filed a petition for a writ of *habeas corpus* in this Court, which was dismissed for lack of jurisdiction. *See* Order, *Aka v. Warden,* Civil Action No. 09-1040 (UNA) (D.D.C. June 4, 2009). In his *habeas* case, petitioner was informed that a collateral attack on his

---

[1] It is unclear whether that appeal has been resolved, because appended to the petition is an Order of the Chief Judge of the District of Columbia Court of Appeals, granting an extension of time until February 13, 2009 to request an *en banc* of appeal. *See* Pet., Ex. 2, Order, Case Nos. 05-CF-298 and 06-CO-1424.



3

Superior Court conviction may not be pursued in this Court, but may be pursued by motion under D.C. Code § 23-110 in the Superior Court. *See* Mem. Op. *Aka v. Warden* (D.D.C. June 4, 2009).[2]

Petitioner now asks this Court to grant the writ of *audita querela*, enjoining respondents from deporting him and directing the respondents to release him from custody while his direct and collateral appeals are pending. Pet. at 21. It is unclear whether the instant petition intends to seek relief from the judgment of conviction or relief from the order of deportation. In either case — and without addressing whether the writ of *audita querela* is a viable means of obtaining the relief the petitioner seeks — this Court does not have subject matter jurisdiction over over this petition. While there is ample debate about the proper scope and use of the writ of *audita querela*, there is no debate that the only court with authority to grant the writ is the court that issued the underlying judgment or order that will be affected by granting the writ. *See United States v. Salgado,* 692 F. Supp. 1265, 1269 n.3 (E.D. Wash. 1988) ("The authorities are unanimous that only the court rendering judgment has the power to issue an extraordinary writ. Thus, § 1651 does not create jurisdiction, but merely allows a court to exercise continuing jurisdiction in aid of, or in supervising, its own judgments."); *Telecommunications Research and Action Center v. Federal Communications Commission,* 750 F.2d 70, 77 (D.C. Cir. 1984) ("The All Writs Act is not an independent grant of jurisdiction to a court; it merely permits a court to issue writs in aid of jurisdiction acquired to grant some other form of relief."). Accordingly, the

---

[2] The petition also mentions that the petitioner filed a motion under D.C. Code § 23-110 alleging ineffective assistance of counsel. Pet. at 10.

petition will be dismissed without prejudice for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Date: *August 10, 2009*

/s/ Reggie B. Walton
United States District Judge